Mr. Lyndon Poole, Chair Link Project — Arkansas Post Office Box 30278 Little Rock, AR 72260
Dear Mr. Poole:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed initiated measure, as follows:
POPULAR NAME
THE ARKANSAS ANIMAL CRUELTY PREVENTION ACT
BALLOT TITLE
 AN ACT WHICH ESTABLISHES THE OFFENSE OF AGGRAVATED CRUELTY TO ANIMALS; DEFINES "AGGRAVATED CRUELTY TO ANIMALS" AS THOSE ACTS IN WHICH A PERSON KNOWINGLY TORTURES, MUTILATES, MAIMS, DISFIGURES, BURNS, POISONS, STARVES, OR MALICIOUSLY KILLS ANY ANIMAL; CLASSIFIES AGGRAVATED CRUELTY TO ANIMALS AS A CLASS D FELONY; AUTHORIZES THE COURT TO ASSIGN CUSTODY OF THE ABUSED ANIMAL OR ANIMALS TO A SOCIETY INCORPORATED FOR THE PREVENTION OF CRUELTY TO ANIMALS; AUTHORIZES THE COURT TO ORDER A PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION AND COUNSELING OR TREATMENT FOR ANY OFFENDER, AT THE OFFENDER'S EXPENSE; AUTHORIZES THE COURT TO ORDER ANY OFFENDER TO MAKE RESTITUTION FOR THE HOUSING, FEEDING, OR MEDICAL TREATMENT OF THE ABUSED ANIMAL OR ANIMALS; PROVIDES AN EXEMPTION FOR CONDUCT OTHERWISE AUTHORIZED BY LAW OR LEGAL PRIVILEGE, INCLUDING, BUT NOT LIMITED TO: 1) HUNTING, FISHING, OR ANY RELATED ACTIVITY AS AUTHORIZED BY THE ARKANSAS CONSTITUTION, THE ARKANSAS CODE, OR ANY ARKANSAS GAME AND FISH COMMISSION REGULATIONS PROMULGATED THEREUNDER, 2) ROUTINE ACCEPTED LIVESTOCK, POULTRY, OR AQUACULTURE MANAGEMENT PRACTICES, OR ROUTINE ACCEPTED ANIMAL HUSBANDRY PRACTICES, 3) THE PROTECTION OF LIVESTOCK AND POULTRY AS AUTHORIZED BY THE ARKANSAS CODE, 4) LAWFUL VETERINARY PRACTICES, 5) THE USE OF A HUMANE METHOD OF DESTRUCTION OF AN ILL OR INJURED ANIMAL FOR THE PURPOSE OF ENDING SUFFERING, AND 6) LAWFUL PEST CONTROL PRACTICES; SPECIFIES THAT A SUBSEQUENT OFFENSE OF CRUELTY TO ANIMALS SHALL BE A CLASS D FELONY IF A PERSON HAS PREVIOUSLY BEEN CONVICTED OR FOUND GUILTY OF CRUELTY TO ANIMALS OR AGGRAVATED CRUELTY TO ANIMALS; AMENDS THE ARKANSAS UNLAWFUL DOG FIGHTING STATUTE TO EXTEND EXISTING FELONY AND MISDEMEANOR PENALTIES TO COCKFIGHTING AND OTHER ANIMAL FIGHTING EVENTS; ESTABLISHES A CLASS D FELONY OFFENSE FOR THE MANUFACTURE OR SALE OF DEVICES INTENDED TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; ESTABLISHES A CLASS D FELONY OFFENSE FOR THE PURCHASE, POSSESSION, OR CONFIGURATION OF ANY DEVICE WITH THE INTENT OF USING SUCH DEVICE FOR ANIMAL FIGHTING OR TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; ESTABLISHES A CLASS D FELONY OFFENSE FOR PERMITTING ONE'S PREMISES TO BE USED FOR ANIMAL FIGHTING; DEFINES "ANIMAL" FOR PURPOSES OF THE ANIMAL FIGHTING SECTION AS ANY ANIMAL THAT IS IN THE CUSTODY OF HUMANS, INCLUDING ANY DOG OR BIRD; DEFINES "ANIMAL FIGHT" OR "ANIMAL FIGHTING" AS COMBAT BETWEEN TWO OR MORE ANIMALS AS DEFINED IN THE ANIMAL FIGHTING SECTION.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411,316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654,841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your initiated measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. I must therefore reject both your proposed popular name and ballot title in order to make additions or changes that in my view are necessary to impartially and more fully and accurately summarize your proposed act. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title fairly and accurately set forth the purpose of the act:
POPULAR NAME
THE ARKANSAS ANIMAL CRUELTY ACT
BALLOT TITLE
 AN ACT AMENDING ARKANSAS LAW CONCERNING CRUELTY TO ANIMALS TO ADD A SECTION ESTABLISHING THE OFFENSE OF "AGGRAVATED CRUELTY TO ANIMALS," TO BE CODIFIED AS ARKANSAS CODE ANNOTATED § 5-62-102; PROVIDING THAT A PERSON COMMITS THIS OFFENSE IF HE OR SHE KNOWINGLY TORTURES, MUTILATES, MAIMS, DISFIGURES, BURNS, POISONS, STARVES, OR MALICIOUSLY KILLS ANY ANIMAL; CLASSIFYING AGGRAVATED CRUELTY TO ANIMALS AS A CLASS D FELONY; AUTHORIZING THE COURT TO ASSIGN CUSTODY OF THE ABUSED ANIMAL OR ANIMALS TO A SOCIETY INCORPORATED FOR THE PREVENTION OF CRUELTY TO ANIMALS; AUTHORIZING THE COURT TO ORDER A PSYCHIATRIC OR PSYCHOLOGICAL EVALUATION AND COUNSELING OR TREATMENT FOR ANY OFFENDER, AT THE OFFENDER'S EXPENSE; AUTHORIZING THE COURT TO ORDER ANY OFFENDER TO MAKE RESTITUTION FOR THE HOUSING, FEEDING, OR MEDICAL TREATMENT OF THE ABUSED ANIMAL OR ANIMALS; PROVIDING AN EXEMPTION FOR CONDUCT OTHERWISE AUTHORIZED BY LAW OR LEGAL PRIVILEGE, INCLUDING, BUT NOT LIMITED TO: 1) HUNTING, FISHING, OR ANY OTHER ACTIVITY AUTHORIZED BY AMENDMENT 35 OF THE ARKANSAS CONSTITUTION, THE ARKANSAS CODE, OR ANY ARKANSAS GAME AND FISH COMMISSION REGULATIONS PROMULGATED THEREUNDER, 2) ROUTINE ACCEPTED LIVESTOCK, POULTRY, OR AQUACULTURE MANAGEMENT PRACTICES, OR ROUTINE ACCEPTED ANIMAL HUSBANDRY PRACTICES, 3) THE PROTECTION OF LIVESTOCK AND POULTRY AS AUTHORIZED BY ARKANSAS CODE ANNOTATED § 20-19-102, WHICH ESTABLISHES THE RIGHT TO KILL A DOG THAT HAS KILLED OR IS ABOUT TO CATCH, INJURE, OR KILL LIVESTOCK OR POULTRY, 4) LAWFUL VETERINARY PRACTICES, 5) THE USE OF A HUMANE METHOD OF DESTRUCTION OF AN ILL OR INJURED ANIMAL FOR THE PURPOSE OF ENDING SUFFERING, AND 6) LAWFUL PEST CONTROL PRACTICES; SPECIFYING THAT A SUBSEQUENT OFFENSE OF CRUELTY TO ANIMALS SHALL BE A CLASS D FELONY IF A PERSON HAS PREVIOUSLY BEEN CONVICTED OR FOUND GUILTY OF CRUELTY TO ANIMALS (CURRENTLY A MISDEMEANOR OFFENSE UNDER ARKANSAS CODE ANNOTATED § 5-62-101) OR AGGRAVATED CRUELTY TO ANIMALS; AMENDING THE EXISTING ARKANSAS UNLAWFUL DOG FIGHTING STATUTE (ARKANSAS CODE ANNOTATED § 5-62-120) TO CHANGE THE WORD "DOG" TO "ANIMAL" THEREBY ESTABLISHING THE OFFENSE OF "UNLAWFUL ANIMAL FIGHTING" AND EXTENDING THE EXISTING FELONY AND MISDEMEANOR PENALTIES TO COCKFIGHTING AND OTHER ANIMAL FIGHTING EVENTS; DEFINING "ANIMAL" FOR PURPOSES OF THE ANIMAL FIGHTING SECTION AS ANY ANIMAL THAT IS IN THE CUSTODY OF HUMANS, INCLUDING ANY DOG OR BIRD; DEFINING "ANIMAL FIGHT" OR "ANIMAL FIGHTING" AS COMBAT BETWEEN TWO OR MORE ANIMALS AS DEFINED IN THE ANIMAL FIGHTING SECTION; ESTABLISHING A CLASS D FELONY OFFENSE FOR THE MANUFACTURE OR SALE OF DEVICES INTENDED TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; ESTABLISHING A CLASS D FELONY OFFENSE FOR THE PURCHASE, POSSESSION, OR CONFIGURATION OF ANY DEVICE WITH THE INTENT OF USING SUCH DEVICE FOR ANIMAL FIGHTING OR TO ENHANCE AN ANIMAL'S FIGHTING ABILITY; AND ESTABLISHING A CLASS D FELONY OFFENSE FOR PERMITTING ONE'S PREMISES TO BE USED FOR ANIMAL FIGHTING.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure